IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

RYON REESE,

                                                                                        OPINION AND ORDER

               Plaintiff,

                                                                                         15-cv-400-bbc

      v.

B. NEUMEIR, MICHAEL MEISNER,
M. GETTMAN, KAREN ANDERSON, M. MASHKA,
DR. DALIA SULIENE, DR. HOFFMAN, DR. SYED and
JOHN AND JANE DOE, health service workers,

               Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Pro se plaintiff Ryon Reese, an inmate at the Columbia Correctional Institution in Portage, Wisconsin, has filed a proposed complaint under 42 U.S.C. § 1983 and state law in which he alleges that (1) defendant B. Neumeir dragged him up two flights of stairs by the security belt, causing him to fall and sustain injuries to his right collar bone, hip, knee and elbow; and (2) unspecified defendants failed to treat his injuries and caused him to suffer daily pain for three years, in violation of the Eighth Amendment and state negligence law. He also requests assistance in recruiting counsel. Dkt. #2. Because plaintiff has made an initial partial payment of the filing fee, his complaint is ready for screening.

      Having reviewed plaintiff's complaint, I conclude that plaintiff's Eighth Amendment claim against defendant Neumeir must be dismissed for a failure to state a claim upon which relief must be granted. Plaintiff's allegations are sufficient to state a negligence claim under

1

state law against Neumeir, but the court cannot exercise supplemental jurisdiction over this claim unless plaintiff is able to state a federal claim, which he has not yet done. Although his claims of inadequate medical care arise under federal law (the Eighth Amendment), they must be dismissed because they do not satisfy the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. However, I will give plaintiff an opportunity to file an amended complaint to correct these defects. Finally, plaintiff's motion for assistance in recruiting counsel will be denied without prejudice to his renewing it at a later time.

Plaintiff alleges the following facts in his complaint.

ALLEGATIONS OF FACT

On October 2, 2011, defendant Neumeir was escorting plaintiff in handcuffs from segregation to the telephone when an emergency alert was activated in the prison. In an effort to get plaintiff back to his cell quickly, Neumeir grabbed the security belt around plaintiff's waist and pulled him while running up a flight of stairs. They tripped and Neumier attempted to stop plaintiff from hitting the floor by holding on to the security belt. Plaintiff's body twisted suddenly, injuring the right side of his neck and his right hip, knee, collar bone and elbow.

The following morning, plaintiff experienced was in pain and sought medical treatment. Medical staff refused to treat him until he paid a $7.50 co-payment or signed an agreement to allow the prison to withhold any money he received until the payment was made. On October 17, 2011, plaintiff filed an inmate complaint, and the co-payment was

waived. Medical staff failed to do anything for plaintiff until defendant Dr. Hoffman saw plaintiff in 2014. Although Dr. Hoffman ordered an x-ray of plaintiff's collar bone, which seemed to be out of place, and plaintiff received a steroid injection at U.W. Hospital, prison medical staff delayed setting up a followup appointment and again refused to see plaintiff until he paid his co-payment for the hospital visit. Plaintiff is in severe pain on a daily basis.

## OPINION

### A. Defendant Neumeir

Plaintiff alleges that defendant Neumeir acted with deliberate indifference and negligence when he dragged plaintiff by the security belt and dropped him on the stairs. In determining whether an officer has used excessive force against a prisoner in violation of the Eighth Amendment, the question is "whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." Whitley v. Albers, 475 U.S. 312, 320 (1986). The factors relevant to making this determination include

1. the need for the application of force;

2. the relationship between the need and the amount of force that was used;

3. the extent of injury inflicted;

4. the extent of the threat to the safety of staff and inmates, as reasonably perceived by the responsible officials on the basis of the facts known to them;

5. any efforts made to temper the severity of a forceful response.

Id. at 321.

Plaintiff's allegations fail to state a claim upon which relief may be granted under the Eighth Amendment. Plaintiff admits that defendant Neumeir grabbed him by the security belt and ran with him up the stairs only because he needed to secure plaintiff in his cell after an emergency alert sounded. Plaintiff's account shows that defendant used only that amount of force necessary to hurry plaintiff along but inadvertently tripped in the process. Plaintiff does not allege that defendant acted maliciously or sadistically with the purpose of causing plaintiff harm. Whitley, 475 U.S. at 320 (excessive force applied when it is not "a good faith effort to maintain or restore discipline or [when applied] maliciously and sadistically for the very purpose of causing harm."). In fact, he says that defendant Neumeir attempted to prevent him from hitting the concrete by pulling up on the security belt. Therefore, at most, plaintiff's allegations suggest that defendant may have acted carelessly in pulling plaintiff along as defendant ran up the stairs.

The standard for state law negligence, however, is not as stringent. To prevail on a claim for negligence in Wisconsin, plaintiff must prove that defendants breached their duty of care and plaintiff suffered injury as a result. Paul v. Skemp, 2001 WI 42, ¶ 17, 242 Wis. 2d 507, 520, 625 N.W.2d 860, 865. It is reasonable to infer at this stage that defendant Neumeir was negligent in escorting plaintiff up the stairs after the emergency alert sounded. However, federal courts may not exercise supplemental jurisdiction over a state law claim unless the claim is "so related to claims in the action within [the court's] original jurisdiction that they form part of the same case or controversy under Article III of the United States

Constitution." 28 U.S.C. § 1367(a). Because plaintiff's federal claim against defendant Neumeir must be dismissed, the court cannot exercise supplemental jurisdiction over plaintiff's state law negligence claim unless plaintiff has pleaded another federal claim upon which relief may be granted that is part of the same case or controversy. As explained below, plaintiff has not done so.

### B. Other Defendants

Plaintiff alleges that as a direct result of defendant Neumeir's negligence, he suffered injuries for which he did not receive adequate medical care from medical staff. Prison officials have a duty under the Eighth Amendment to provide medical care to those being punished by incarceration after a conviction. Estelle v. Gamble, 429 U.S. 97, 103 (1976). Although plaintiff's claims of Neumeir's negligence and inadequate medical care may be considered part of the same case or controversy, plaintiff's allegations regarding his medical care fail to meet the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure, which requires him to provide "a short and plain statement of the claim showing that the pleader is entitled to relief."

To state an Eighth Amendment medical care claim, plaintiff must allege facts from which it can be inferred that he had a "serious medical need" and that prison officials were "deliberately indifferent" to this need. Id. at 104. A "serious medical need" may be a condition that a doctor has recognized as needing treatment or one for which the necessity of treatment would be obvious to a lay person. Johnson v. Snyder, 444 F.3d 579, 584-85

(7th Cir. 2006).  The condition does not have to be life threatening.  Id.  A medical need may be serious if it "significantly affects an individual's daily activities," Gutierrez v. Peters, 111 F.3d 1364, 1373 (7th Cir. 1997), if it causes significant pain, Cooper v. Casey, 97 F.3d 914, 916-17 (7th Cir. 1996), or if it otherwise subjects the prisoner to a substantial risk of serious harm, Farmer v. Brennan, 511 U.S. 825 (1994).  "Deliberate indifference" means that the officials are aware that the prisoner needs medical treatment, but are disregarding the risk by consciously failing to take reasonable measures.  Forbes v. Edgar, 112 F.3d 262, 266 (7th Cir. 1997).

Thus, under this standard, plaintiff's claim has three elements:

(1) Did plaintiff need medical treatment?

(2) Did defendants know that plaintiff needed treatment?

(3) Despite their awareness of the need, were defendants consciously failing to take reasonable measures to provide the necessary treatment?

Plaintiff has not explained how each of the defendants knew plaintiff needed medical treatment but consciously failed to take reasonable measures to provide necessary treatment. Brooks v. Ross, 578 F.3d 574, 580 (7th Cir. 2009) (plaintiff must connect specific defendants to allegedly illegal acts).  In most instances, he alleges generally that "medical staff" or "a doctor" took or failed to take certain actions.  Although plaintiff mentions defendant Hoffman by name, he does not state what treatment that Dr. Hoffman knew plaintiff needed but consciously failed to provide.

6

For the same reasons, plaintiff also has failed to show that he is entitled to relief on a claim of medical negligence under state law. Skemp, 2001 WI 42, 17, 242 Wis. 2d at 520, 625 N.W.2d at 865 ("[A] claim for medical malpractice requires a negligent act or omission that causes an injury."). To establish a prima facie medical negligence claim, plaintiff must show that each of the defendants failed to use the required degree of skill exercised by an average respective medical professional, that plaintiff was harmed and that there is a causal connection between defendants' failure and plaintiff's harm. Wis J-I Civil 1023.

Finally, plaintiff has not made any allegation against Warden Meisner or Warden Gettman. These defendants may not be held liable under § 1983 merely because they supervised those who allegedly committed wrongful acts. "[I]ndividual liability under § 1983 requires 'personal involvement in the alleged constitutional deprivation.'" Minix v. Canarecci, 597 F.3d 824, 833 (7th Cir. 2010). Not everyone "who knows about a violation of the Constitution, and fails to cure it, has violated the Constitution himself." George v. Smith, 507 F.3d 605, 609 (7th Cir. 2007). See also Burks v. Raemisch, 555 F.3d 592, 596 (7th Cir. 2009) (rejecting "contention that any public employee who knows (or should know) about a wrong must do something to fix it" and noting that "there is no general duty to rescue").

Accordingly, I will dismiss plaintiff's claims against defendants Meisner, Gettman, Anderson, Mashka, Suliene, Hoffman, Syed and John and Jane Doe without prejudice to plaintiff's refiling an amended complaint. If plaintiff decides to file an amended complaint,

he should identify what each defendant did or failed to do that is allegedly a constitutional violation. With respect to his medical care claims, plaintiff should explain how each defendant knew that plaintiff needed treatment but consciously failed to provide it. An amended complaint must completely replace plaintiff's previous complaint and it must include all alleged facts necessary to state plaintiff's claims and list all defendants. Because plaintiff has not stated a federal claim upon which relief may be granted, I may not exercise supplemental jurisdiction over his state law negligence claim against defendant Neumeir.

Because plaintiff is not yet proceeding on any claim, his request for assistance in recruiting counsel is moot. However, even if his request was not moot, I would deny it. Before a district court can consider a request for counsel, it must first find that the plaintiff has made reasonable efforts to find a lawyer on his own and was unsuccessful or was prevented from making such efforts. Jackson v. County of McLean, 953 F.2d 1070 (7th Cir. 1992). To prove that he has made reasonable efforts to find a lawyer, plaintiff must give the court letters from at least three lawyers who denied plaintiff's request for representation. This court's rule requiring pro se litigants to submit three rejection letters from lawyers helps insure that the court's limited resources are expended only for those individuals who truly need help. If a pro se litigant is unable provide three rejection letters to the court for any reason, he should send copies of the letters he sent to the lawyers, along with a sworn declaration that he mailed the letters and that the lawyers have not agreed to represent him. Plaintiff has not yet complied with that requirement.

Plaintiff also should be aware that because the pro se litigants who file lawsuits in this district vastly outnumber the lawyers who are willing and able to provide representation, the court cannot find a lawyer for every pro se litigant who requests one. Thus, assistance in recruiting counsel is appropriate only when the plaintiff demonstrates that his is one of those relatively few cases in which it appears from the record that the legal and factual difficulty of the case exceeds his ability to prosecute it. Pruitt v. Mote, 503 F.3d 647, 654-55 (7th Cir. 2007). The question is not simply whether a lawyer might do a better job. At the pleading stage, it is often too early to determine whether a plaintiff has met the Pruitt standard.

ORDER

IT IS ORDERED that

1. Plaintiff Ryon Reese's complaint, dkt. #1, is DISMISSED WITH PREJUDICE to the extent that it raises an excessive force claim under the Eighth Amendment against defendant B. Neumeir.

2. Plaintiff's remaining claims against defendants Michael Meisner, M. Gettman, Karen Anderson, M. Mashka, Dr. Dalia Suliene, Dr. Hoffman, Dr. Syed and John and Jane Doe are DISMISSED WITHOUT PREJUDICE for plaintiff's failure to comply with Fed. R. Civ. P. 8. He may have until October 16, 2015 to file an amended complaint that complies with the Federal Rules of Civil Procedure as described in this order. If plaintiff fails to respond by that date or files an amended complaint that does not correct the problems, I will

dismiss the case with prejudice for his failure to state a claim upon which relief may be granted and assess a strike under 28 U.S.C. § 1915(g).

3. Plaintiff's state law negligence claim against defendant Neumeir is DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction. If plaintiff files an amended complaint that states a federal claim upon which relief may be granted, he may seek to include this claim as well.

4. Plaintiff's motion for assistance in recruiting counsel, dkt. #2, is DENIED WITHOUT PREJUDICE.

Entered this 22d day of September, 2015.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge