IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

RYON S. REESE,

                              Plaintiff,

     v.

B. NEUMEIR, MICHAEL MEISNER,
M. GETTMAN, KAREN ANDERSON, M. MASHKA,
DR. DALIA SULIENE, DR. HOFFMAN, DR. SYED and
JOHN AND JANE DOE, health service workers,

                              Defendants.

ORDER

15-cv-400-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

       In an order dated September 22, 2015, I made the following rulings with respect to plaintiff Ryon Reese's proposed complaint:  (1) I dismissed with prejudice his Eighth Amendment excessive force claim against defendant B. Neumeir for a failure to state a claim upon which relief may be granted; (2) I dismissed without prejudice his unidentified claims against defendants Michael Meisner and M. Gettman and his claims that Karen Anderson, M. Mashka, Dr. Dalia Suliene, Dr. Hoffman, Dr. Syed and John and Jane Doe failed to provide adequate medical care for the injuries he sustained during the encounter with Neumeir for a failure to comply with Fed. R. Civ. P. 8 but gave plaintiff until October 16, 2015 to file an amended complaint that addressed the problems identified by the court; and (3) I declined to exercise jurisdiction over his state law negligence claim against defendant

1

Neumeir because plaintiff had not pleaded a federal claim upon which relief may be granted that was part of the same case or controversy. Dkt. #9. I told plaintiff that if he failed to file a proposed amended complaint by October 16, I would dismiss his case for failure to state a claim upon which relief may be granted and issue a strike in accordance with 28 U.S.C. § 1915(g).

It is well past the October 16 deadline and plaintiff has not responded to the court's September order. Accordingly, I will dismiss plaintiff's federal claims against defendants Meisner, Gettman, Anderson, Mashka, Suliene, Hoffman, Syed and the Does with prejudice. In accordance with 28 U.S.C. § 1367(c)(3), I decline to exercise jurisdiction over plaintiff's state law claims against these defendants. Groce v. Eli Lilly & Co., 193 F.3d 496, 501 (7th Cir.1999) ("[I]t is the well-established law of this circuit that the usual practice is to dismiss without prejudice state supplemental claims whenever all federal claims have been dismissed prior to trial.").

Although I told plaintiff that I would assess a strike if he failed to fix the problems with his complaint, I believe that was a mistake. Section 1915(g) applies when a prisoner brings "an action" that is dismissed because it is "frivolous, malicious, or fails to state a claim upon which relief may be granted." In other words, "a strike is incurred for an action dismissed *in its entirety* on one or more of the three enumerated grounds," not when only some of the claims are dismissed for one of those reasons. Turley v. Gaetz, 625 F.3d 1005, 1008-09 (7th Cir. 2010) (emphasis added). Because I am dismissing all of plaintiff's state law claims under § 1367 for jurisdictional reasons, and a dismissal under § 1367 is not one

of the grounds listed in § 1915(g), this means that I am not dismissing plaintiff's "action" for failure to state a claim upon which relief may be granted. Accordingly, I am not assessing a strike in this case.

ORDER

IT IS ORDERED that

1. Plaintiff's Eighth Amendment claims that defendants Karen Anderson, M. Mashka, Dr. Dalia Suliene, Dr. Hoffman, Dr. Syed and John and Jane Doe failed to provide plaintiff with adequate medical care for the injuries he sustained during his encounter with defendant B. Neumeir on October 2, 2011, are DISMISSED WITH PREJUDICE for his failure to state a claim upon which relief may be granted.

2. To the extent that plaintiff is attempting to raise Eighth Amendment claims of excessive force and inadequate medical care against defendants Michael Meisner and M. Gettman, those claims are DISMISSED WITH PREJUDICE for his failure to state a claim upon which relief may be granted.

3. In accordance with 28 U.S.C. § 1367(c)(3), plaintiff's state law claims against all of the defendants are DISMISSED WITHOUT PREJUDICE to his refiling them in state court.

4. The clerk of court is directed to enter judgment in favor of defendants and close this case.

Entered this 2d day of November, 2015.

>BY THE COURT:
>/s/
>BARBARA B. CRABB
>District Judge